UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MARTINEZ, | No. 2: 16-cv-2275 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

1 complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
2 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
3 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4       Named as defendants are Warden Lizarraga, Lieutenant Carrillo, Correctional Officer
5 Jenkins and Correctional Counselor Giovacchini.  Plaintiff alleges that defendant Jenkins
6 conducted a pat search of plaintiff in an inappropriate sexual manner.  Plaintiff alleges that
7 defendant Jenkins ran his four fingers up and down between plaintiff's buttocks.  Plaintiff alleges
8 that he felt violated.  Plaintiff alleges that defendant Jenkins violated his Eighth Amendment
9 rights.

10       Plaintiff alleges that defendants Lizarraga, Carrillo and Giovacchini failed to protect him
11 from defendant Jenkins.

12       Rape or other sexual assault perpetrated by a guard against an inmate is offensive to
13 human dignity and violates the Eighth Amendment regardless of lasting physical injury.
14 Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 1987).  Sexual harassment claims that
15 allege brief inappropriate touching by a correctional official are generally found to be
16 noncognizable, particularly if the alleged touching occurred pursuant to an authorized search.
17 "Even if plaintiff believed that there was a sexual aspect to the search, more is needed."  Smith v.
18 Los Angeles County, 2010 WL 2569232, *5 (C.D. Cal. 2010); adopted by 2010 WL 2572570
19 (C.D. Cal. 2010); aff'd, 452 Fed. Appx. 768 (9th Cir. 2011) (pretrial detainee failed to state
20 Fourteenth Amendment due process claim, or Fourth Amendment unreasonable search claim,
21 based on plaintiff's allegations that defendant correctional officer, pursuant to a search and
22 without sexual comment, pulled plaintiff's boxers to look at his buttocks, inserted his hand
23 "karate chop" style, into "the cavity of my buttocks ... until it passed between my legs and
24 reached under and around until he cupped by genitals," id. at *4); citing Berryhill v. Schriro, 137
25 F.3d 1073, 1076 (8th Cir.1998) (affirming summary judgment for defendant on plaintiff's Eighth
26 Amendment claim that prison employee's brief touch ("mere seconds") to plaintiff's buttocks
27 during "horseplay," unaccompanied by sexual comments, was an improper sexual advance that
28 "embarrassed" plaintiff); and Osterloh v. Hopwood, 2006 WL 3337505, *6, *7 (D.Mont. 2006)

1  (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of
2  plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum
3  and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer,
4  "that was pretty much sexual assault," and officer responded, "yah pretty much.").

5  Plaintiff's allegations against defendant Jenkins do not rise to an Eighth Amendment
6  violation. Plaintiff's allegations suggest that the allegedly inappropriate touching occurred during
7  an authorized search, was brief and was not accompanied by sexual comments. While the alleged
8  conduct may have been unprofessional, it does not state a potentially colorable Eighth
9  Amendment claim. Accordingly, the claim against defendant Jenkins is dismissed.

10  Because plaintiff has not stated a potentially colorable Eighth Amendment claim against
11  defendant Jenkins, plaintiff's related claims against defendants Lizarraga, Carrillo and
12  Giovacchini for failing to protect him are also not potentially colorable. Accordingly, the claims
13  against these defendants are dismissed.

14  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
15  about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
16  Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
17  named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
18  some affirmative link or connection between a defendant's actions and the claimed deprivation.
19  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
20  (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
21  rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
23  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
24  complaint be complete in itself without reference to any prior pleading. This requirement exists
25  because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
26  Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
27  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
28  original complaint, each claim and the involvement of each defendant must be sufficiently

4

alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 23, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2275.14

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | JOAQUIN MARTINEZ,                       No.  2:  16-cv-2275 WBS KJN P
12 |        Plaintiff,
13 |    v.                                   <u>NOTICE OF AMENDMENT</u>
14 | J. LIZARRAGA, et al.,
15 |        Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18 filed_____.

19        _____          Amended Complaint
   DATED:
20

21                                          _____
                                            Plaintiff
22
23
24
25
26
27
28