UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN MARTINEZ,<br><br>           Plaintiff,<br><br>      v.<br><br>J. LIZARRAGA, et al.,<br><br>           Defendants. | No. 2: 16-cv-2275 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On January 23, 2017, the undersigned dismissed plaintiff's complaint with leave to amend.  (ECF No. 6.)  Pending before the court is plaintiff's amended complaint.  (ECF No. 8.)  For the reasons stated herein, the undersigned recommends that this action be dismissed.

Again named as defendants are Warden Lizarraga, Correctional Lieutenant Carrillo, Correctional Officer Jenkins and Appeals Coordinator Giovacchini.  (Id. at 2-3.)

Plaintiff alleges that on April 22, 2016, plaintiff walked into Mule Creek State Prison ("MCSP") Facility A, Unit 5 from the Recreational Activity area.  (Id. at 3.)  Plaintiff alleges that as he entered Unit 5, defendant Jenkins ordered plaintiff to turn around and spread his legs.  (Id.)  Plaintiff complied with this order.  (Id. at 3-4.)  Plaintiff alleges that defendant Jenkins then conducted an unauthorized "pat"search of plaintiff.  (Id. at 4.)  Plaintiff alleges that there was no need for this search.  (Id.)

1

1    Plaintiff alleges that the "pat" search was "demeaning, degrading and abusive." (Id.)
2 Plaintiff alleges that defendant Jenkins "ran his four fingers up and down between plaintiff's
3 buttocks." (Id.) Plaintiff alleges that this conduct constitutes sexual conduct and an excessive use
4 of force. (Id.) Plaintiff alleges that he felt violated. (Id.)

5    Plaintiff alleges that defendants Lizarraga, Carrillo and Giovacchini denied his
6 administrative grievances challenging the pat down search conducted by defendant Jenkins. (Id.
7 at 4.)

8    Rape or other sexual assault perpetrated by a guard against an inmate is offensive to
9 human dignity and violates the Eighth Amendment regardless of lasting physical injury.
10 Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 1987). Sexual harassment claims that
11 allege brief inappropriate touching by a correctional official are generally found to be
12 noncognizable, particularly if the alleged touching occurred pursuant to an authorized search.
13 "Even if plaintiff believed that there was a sexual aspect to the search, more is needed." Smith v.
14 Los Angeles County, 2010 WL 2569232, *5 (C.D. Cal. 2010); adopted by 2010 WL 2572570
15 (C.D.Cal. 2010); aff'd, 452 Fed. Appx. 768 (9th Cir. 2011) (pretrial detainee failed to state
16 Fourteenth Amendment due process claim, or Fourth Amendment unreasonable search claim,
17 based on plaintiff's allegations that defendant correctional officer, pursuant to a search and
18 without sexual comment, pulled plaintiff's boxers to look at his buttocks, inserted his hand "karate
19 chop" style, into "the cavity of my buttocks ... until it passed between my legs and reached under
20 and around until he cupped my genitals," id. at *4); citing Berryhill v. Schriro, 137 F.3d 1073,
21 1076 (8th Cir.1998) (affirming summary judgment for defendant on plaintiff's Eighth
22 Amendment claim that prison employee's brief touch ("mere seconds") to plaintiff's buttocks
23 during "horseplay," unaccompanied by sexual comments, was an improper sexual advance that
24 "embarrassed" plaintiff); and Osterloth v. Hopwood, 2006 WL 3337505, *6, *7 (D. Mont. 2006)
25 (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of
26 plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum
27 and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer,
28 "that was pretty much sexual assault," and officer responded, "yah pretty much.").

Plaintiff's allegations against defendant Jenkins do not rise to an Eighth Amendment violation. Although plaintiff alleges that the search was not authorized, he has pled no facts supporting this allegation. The fact that the search occurred after plaintiff returned to his housing unit from the Recreational Activity area suggests that the search was authorized. In any event, plaintiff's allegations indicate that the allegedly inappropriate touching was brief and was not accompanied by sexual comments. While the alleged conduct may have been unprofessional, it does not state a potentially colorable Eighth Amendment claim.

Because plaintiff has not stated a potentially colorable Eighth Amendment claim against defendant Jenkins, plaintiff's related claims against defendants Lizarraga, Carrillo and Giovacchini are also not potentially colorable.

Plaintiff's original complaint contained the same allegations against defendants Jenkins, Lizarraga, Carrillo and Giovacchini. The January 23, 2017 screening order advised plaintiff of the relevant legal standards. Because it does not appear that plaintiff can cure the pleading defects discussed above, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 27, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mart2275.dis

3